Martelle-Boyle, Inc.
vs. } Eq.No.5797
Oak Hill Land Company

May 22, 1926

TANNER, P. J. This is a bill in equity brought to compel specific performance of an agreement to purchase several lots of land. Said agreement was originally made between the defendant and one Murray, and this agreement was assigned to complainants. The agreement was to purchase these lots of land on installments and contained a stipulation that upon default in payments of any agreed installment for the term of ninety days any purchaser would cease to have any rights under the agreement and the vendor might retain all money paid as liquidated damages.

The original vendee Murray paid $1200 on account but had been unable for a long time, owing to business misfortunes, to make any payments.

The complainants purchased the rights of Murray in said agreement and claimed that Martelle and Boyle, the officers and stockholders of said complainant company, went to Mr. Newell, who was the chief officer of the defendant company, and asked him if said contract still remained open, and were assured by him that

it did. Mr. Newell at first said that no such conversation took place, but subsequently said that he did not remember any such conversation. It seems quite reasonable that Martelle and Boyle, who had been clerks in the employ of Gallagher, the selling agent of the defendant, and who knew that payments had not been made according to the terms of the agreement by Murray, should seek to assure themselves that said contract was still alive before purchasing it as they did, and also before paying the note which Murray had given to the defendant company for borrowed money secured by his said agreement to purchase said lots from the defendant.

The whole conduct of the parties in the case leads us to believe that the agreement to purchase had never been declared to be or considered to be forfeited by the defendant company.

Furthermore, even if there had been such a forfeiture, we believe that under the rules of equity in force in this state, if a forfeiture did exist it could be relieved against upon the payment of all money due.

There is some difference of opinion of the authorities as to the rule.

"The doctrine that courts of equity will relieve against the forfeiture in cases where compensation can be made is, we think, well settled and the circumstances which govern the interference of the court are not whether the condition be subsequent or precedent but whether a just compensation can or can not be made."

Thompson v. Whipple, 5 R. I. 148.

5 Pom. Eq. Jurisprudence, page 4997, Sec. 2238.

Respondent has based some objection upon the ground that Martelle and Boyle had been clerks of Gallagher, the selling agent.

The rule at best is that the contract of an agent with his principal will be closely scrutinized. In this case, however, it may be said that the agent wasn't contracting directly with

his principal but was merely purchasing the rights of a third party in a contract which had already been made with the principal. This purchase was made also after Martelle and Boyle had left the employ of Gallagher. There is nothing in the relations of Martelle and Boyle and Gallagher which would lead us to suspect that their prior connection would enable Martelle and Boyle to practice any unfairness upon Gallagher.

We think, therefore, the complainants are entitled to specific performance upon payment of the whole sum due with interest.

For Complainant: Thomas P. Corcoran.

For Respondent: Fitzgerald & Higgins.

